IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ANTOINE L. HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21CV704–HEH |
| | ) | |
| WARDEN BEARD, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
(Dismissing § 2241 For Lack of Jurisdiction)

Antoine L. Henderson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The matter was transferred to this Court by the United States District Court for District of Maryland ("Maryland court"). Because the Court finds that it lacks jurisdiction, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE.

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

Henderson was convicted and sentenced in this Court on June 16, 2008.[2] Judgment, *United States v. Henderson*, No. 3:07CR413 (E.D. Va. June 16, 2008). By Memorandum Opinion and Order entered on October 29, 2010, the Court denied Henderson's motion to vacate pursuant to 28 U.S.C. § 2255. *Henderson*, No. 3:07CR413, 2010 WL 4395671, at *1–4 (E.D. Va. Oct. 29, 2010).

On November 1, 2021, Henderson filed his 28 U.S.C. § 2241 Petition in the United States District Court for the District of Maryland, because he is incarcerated in Cumberland, Maryland. In his § 2241 Petition, Henderson challenges his sentence as a career offender, presumably under United States Sentencing Guidelines § 4B1.2, arguing that "one of the predicate offenses no longer qualifies me for the career offender enhancement." (ECF No. 1, at 7.) On November 8, 2021, the Maryland court construed the § 2241 Petition as a § 2255 motion and transferred the action to this Court. (ECF No. 2.) The Maryland court cited *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000), for the proposition that "a § 2255 Motion challenges the validity of a conviction or sentence." (ECF No. 2, at 1.) The Maryland court found that "Henderson's claim falls squarely within the ambit of a § 2255 motion to vacate." (*Id.* at 2.) This Court disagrees.

First, Henderson clearly challenges his career offender designation under the sentencing guidelines and therefore, only challenges his sentence. However, a challenge to the determination that he is a career offender under the guidelines is not cognizable under 28 U.S.C. § 2255. *See United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir.

---

[2] The sentencing hearing was held on June 11, 2008, but Judgment was not entered until June 16, 2008. (ECF Nos. 29, 31.)

2

2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances," an error in the application of the sentencing guidelines is not cognizable in a § 2255 motion). Henderson cannot pursue a § 2255 motion in this Court based on a challenge to his sentence alone.

Moreover, the Fourth Circuit recently expanded the longstanding "controlling test," of *In re Jones*, *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[3] *Wheeler* clearly provides an avenue for petitioners to

---

[3] Until *Wheeler*, a petitioner was not permitted to challenge his or her sentence. Rather, a petitioner was required to satisfy the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

3

challenge their sentence by way of § 2241. Although the Court will not weigh on whether *Wheeler* affords Henderson any relief, his claim may appropriately be brought by a § 2241 Petition.

Henderson may not pursue a § 2241 petition in this Court because this Court lacks jurisdiction to entertain such a petition. Henderson must pursue a § 2241 motion in the district where he is currently incarcerated. *See Oden v. Wilson*, No. 3:17CV286, 2018 WL 359478, at *4 n.5 (E.D. Va. Jan. 10, 2018) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (emphasis added) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004))).

Accordingly, Henderson's request for counsel is DENIED and the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. Henderson may file a § 2241 petition in the United States District Court for the District of Maryland.[4]

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Nov. 19, 2021
Richmond, Virginia

---

[4] Henderson may certainly attach a copy of this Memorandum Opinion and Order to any new § 2241 petition.

4