IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTOINE L. HENDERSON, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:21CV704–HEH
)
WARDEN BEARD, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Antoine L. Henderson, a federal inmate proceeding pro se, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) The matter was transferred to this Court by the United States District Court for District of Maryland ("Maryland court"). By Memorandum Opinion and Order entered on November 19, 2021, the Court dismissed the § 2241 Petition without prejudice because this Court lacked jurisdiction to entertain such a petition. (ECF Nos. 4, 5.) The Court explained that Henderson must pursue a § 2241 motion in the district where he is currently incarcerated. (ECF No. 4 at 4.)

On November 30, 2021, the Court received a Motion to Alter Final Judgment Pursuant to Fed. R. Civ. P. 59(e) and 28 U.S.C. Section 1404(a) ("Rule 59(e) Motion," ECF No. 6.) "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1)

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his Rule 59(e) Motion, Henderson argues that this Court erred by dismissing the action instead of transferring the action back to the Maryland court since the § 2241 Petition was appropriately filed in that court and it was erroneously transferred here. (ECF No. 6, at 1.) Henderson suggests that he already paid the $5.00 filing fee and filed a proper petition and should not have to do so again. (*Id.*) Although, the Court is sympathetic to Henderson's arguments, he fails to satisfy any of the above-listed grounds for Rule 59(e) relief. Specifically, Henderson fails to demonstrate that the dismissal of his § 2241 Petition was erroneous or that the Court must transfer the action in order to prevent manifest injustice. Rather, Henderson can simply file the same § 2241 Petition in Maryland and ask that court to consider waiving the fee.

Accordingly, the Rule 59(e) Motion (ECF No. 6) will be denied. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 10, 2021
Richmond, Virginia

2